# IN THE UNITED STATES DISTRICT COURT
# FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OMAR KENROY GUY, | : |
| Petitioner | : |
| v. | : CIVIL NO. 3:CV-13-169 |
| THOMAS DECKER, ET AL., | : (Judge Brann) |
| Respondents | : |

## **MEMORANDUM**

April 1, 2013

**Background**

Omar Kenroy Guy, a detainee of the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") presently confined at the Pike County Prison, Lords Valley, Pennsylvania, filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Service of the petition was previously ordered.

Petitioner challenges his continued detention pending removal. On March 18, 2013, Respondents filed a response asserting that the petition should be dismissed as moot. See Doc. 7, p. 2. The response states that "Guy departed the United States and was removed to his native country of Jamaica on February 28,

1

2013." Id. In light of Petitioner's removal from the United States, Respondents seek dismissal of the petition on the basis of mootness.

## Discussion

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "'personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. Lewis, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)); see also Gaeta v. Gerlinski, Civil No.3:CV-02-465, slip op. at p.

2

2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

According to a declaration under penalty of perjury by ICE Regional Chief Counsel Kent Frederick, which has been submitted by Respondents, Petitioner was removed from the United States to Jamaica on February 28, 2013. See Doc. 7-1, p. 2, ¶ 3.

Since Guy was recently removed from the United States, under the principles set forth in <u>Steffel</u>, his challenge to indefinite detention pending deportation is subject to dismissal as moot since it no longer presents an existing case or controversy. An appropriate Order will enter.

<u>Matthew W. Brann</u>  
MATTHEW W. BRANN  
United States District Judge